The plaintiff instituted an action on the case against the defendants on a libel, in the Superior Court of law for Wood county. In the progress of the cause he obtained from the court an order for a subpoena duces tecum, against the clerk of the executive council of the commonwealth, commanding him to attend the said court as a witness for the plaintiff, and to bring with him from the files of his office, a certain memorial addressed to the executive, by John Stokeley and others, touching the conduct of the plaintiff as escheator, &c.
The subpcena was executed on the clerk of the council, who did not attend as a witness at the court, according to the directions of the process. The plaintiff then moved the court, that an attachment be awarded against him, for his said contempt, returnable to the next term of the said court. And the court not being fully advised what order to make on the said motion, but considering the question of law arising thereon to be new, and difficult, adjourned the same to the general court for their opinion.
*November 12th, 1814. The general court unanimously decided, “that an attachment ought not to issue in this case, until a rule is served upon the said witness to shew cause, why it should not.”

Attachments—Rule to Show Cause.—In State v. Irwin, 30 W. Va. 421, 4 S. E. Rep. 422, it is said: “In some of the states, the attachment issues in the first instance, and the party is arrested, and brought into court, and then tried; but in Virginia and this state a rule must issue. Morris v. Greet, 1 Va. Gas. 333."
See monographic note on “Attachments” appended to Lancaster v. Wilson, 27 Gratt. 624.